UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ANGELA RODRIGUE,** | * | CIVIL ACTION NO. 12-1148 |
| **Individually and on Behalf of her** | * | |
| **Minor Children** | * | SECTION F (5) |
| | * | |
| **VERSUS** | * | JUDGE: |
| | * | MARTIN L.C. FELDMAN |
| **PAUL THIBODAUX, Individually and** | * | |
| **in his Official Capacity as a Deputy Sheriff** | * | MAGISTRATE JUDGE: ALMA L. |
| **for the Parish of Terrebonne; L. VERNON** | * | CHASEZ |
| **BOURGEOIS, Individually and in his** | * | |
| **Official Capacity as the Sheriff of** | * | |
| **Terrebonne Parish; 123 INSURANCE** | * | |
| **COMPANY, MAK PICTURES, LLC AND** | * | |
| **ABC INSURANCE COMPANY** | * | |
| | * | |
| | * | |

### REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant MAK Pictures, LLC ("MAK") submits this reply memorandum in support of its motion to dismiss the Complaint brought by Plaintiff, Angela Rodrigue, against MAK.

Ms. Rodrigue's memorandum in opposition to the motion to dismiss misstates the standard a complaint must meet to defeat a motion to dismiss and fails to appreciate the scope of the rights protected by the First Amendment.

Plaintiff's assertion that the motion to dismiss should be denied "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"[1] incorrectly states the standard for judging a motion to dismiss. The Supreme Court has rejected the "no set of facts" standard. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) the Court stated that "*Conley's* 'no set of facts' language has been questioned, criticized, and explained away long enough. . . . [and] this famous observation has earned its retirement."

---

[1] *See* Opposition to motion to dismiss at 2.

*Id.* at 562-63; *see also id.* at 577 (Stevens, J., dissenting) ("the Court scraps *Conley's* 'no set of facts' language"). Rather, the rule is that a motion to dismiss should be granted unless a complaint's factual allegations "raise a right to relief above the speculative level." *Id.* at 555.

Plaintiff's allegations fail to plead sufficient facts to raise the Complaint above the speculative level. Plaintiff now claims that the Complaint "clearly alleges . . . that MAK encouraged, advised, abetted and instructed" the Terrebonne Parish Defendants to "engage in actions and behaviors violative of Plaintiff's civil rights."[2] The Complaint, however, actually alleged "[u]pon information and belief" that MAK "encouraged, advised and instructed, either tacitly or overtly, deputies of the Terrebonne Parish Sheriff's office to engage in actions and behavior which violate the Constitutional rights of" Plaintiff.[3] The very wording of the allegation -- on Plaintiff's "information and belief" -- is an acknowledgment that Plaintiff alleges no facts but merely her speculative belief. Like the complaint against the media defendants that the Court dismissed in *Cinel v. Connick*, "nothing in [the] complaint implies or states that these [Defendants] agreed to undertake a scheme to deprive [Plaintiff] of [her] constitutional rights."[4] There are no *factual* allegations in the Complaint of any agreement to violate Plaintiff's rights.

Finally, Plaintiff fails to appreciate the scope of the rights protected by the First Amendment. Plaintiff attempts to distinguish the authorities that MAK relies upon because they involved the news media. The First Amendment, however, protects television programs, motion pictures and other forms of entertainment, as well as the press. In *Winters v. New York*, 333 U.S. 507 (1948), the plaintiff was accused of having for sale "a certain obscene, lewd, lascivious, filthy, indecent and disgusting magazine entitled 'Headquarters Detective, True Cases from the Police Blotter, June 1940,' the same being devoted to the publication and principally made up of

---

[2] *See* Opposition to motion to dismiss at 3.
[3] *See* Complaint at ¶ 26.
[4] 15 F.3d 1338, 1343-44 (5th Cir.), *cert.* denied, 513 U.S. 868 (1994).

2

criminal news, police reports, and accounts of criminal deeds, and pictures and stories of deeds of bloodshed, lust and crime." *Id.* at 508. The Supreme Court found that the publication was protected by the First Amendment:

> The line between the informing and the entertaining is too elusive for the protection of that basic right. Everyone is familiar with instances of propaganda through fiction. What is one man's amusement, teaches another's doctrine. Though we can see nothing of any possible value to society in these magazines, they are as much entitled to the protection of free speech as the best of literature.

*Id.* at 510.

MAK's work is protected by the First Amendment, just as was the magazine in *Winters*. *See also Brown v. Entertainment Merchants Ass'n*, --- U.S. ---, 131 S.Ct. 2729 (2011) (First Amendment applies to violent video games); *Joseph Burstyn, Inc. v. Wilson*, 343 U.S. 495 (1952) (First Amendment protects film claimed to be "sacrilegious").

MAK's motion to dismiss should be granted and Plaintiff's complaint against MAK should be dismissed for failure to state a claim upon which relief may be granted.

**PHELPS DUNBAR LLP**

/s/ Mary Ellen Roy
Mary Ellen Roy, T.A. (Bar # 14388)
Dan Zimmerman (Bar # 2202)
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopy: (504) 568-9130
roym@phelps.com
zimmermd@phelps.com

**ATTORNEYS FOR MAK PICTURES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of November, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system that will send a notice of electronic filing to counsel of record for all parties.

/s/ Mary Ellen Roy

PD.7936765.1