```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


ANGELA RODRIGUE,                             CIVIL ACTION
individually and on behalf
of her minor child

v.                                           NO. 12-1148

PAUL THIBODAUX, ET AL.                       SECTION "F"
```

                         ORDER AND REASONS

    Before the Court is the defendant MAK Pictures, LLC's motion to dismiss.  For the reasons that follow, the motion is GRANTED.

                              **Background**

    This civil rights case arises from Angela Rodrigue's charge that Terrebonne Parish Sheriff's Deputy Paul Thibodaux, while accompanied by a crew filming for the reality television show *Cajun Justice*, violated her constitutional rights when he used excessive force and falsely arrested her.

    On February 1, 2012 Ms. Rodrigue flagged down Deputy Thibodaux to report that her daughter's money had been taken from her mother's purse; Ms. Rodrigue believed her brother stole the money. Before Deputy Thibodaux arrived, Ms. Rodrigue had gotten into a dispute with her sister.  Once Deputy Thibodaux arrived, Ms. Rodrigue contends, he made no attempt to diffuse the situation but, rather, escalated the dispute between her and her sister by yelling and cursing at them.

    From the moment Deputy Thibodaux arrived on the scene, he was

                                  1

accompanied by a film crew that worked for the film production company, MAK Pictures, LLC, which produces the reality-based television show, *Cajun Blue*, a/k/a *Cajun Justice*. As a part of *Cajun Justice*, the film crew follows the Terrebonne Parish Sheriff's Office on its daily rounds, and films investigations, arrests, and other events of public interests undertaken by the Sheriff's Office. Indeed, the film crew filmed the entire incident with Ms. Rodrigue.

At first, Deputy Thibodaux talked with Ms. Rodrigue's sister while Ms. Rodrigue sat in a car parked on her property. Thereafter, Deputy Thibodaux, without informing Ms. Rodrigue that she was under arrest, ordered her to get out of the car or threatened to drag her out. When she refused, Deputy Thibodaux "violently and brutally pulled her from the vehicle, breaking her leg and tearing the cartilage in her knee in the process." After Ms. Rodrigue was out of the car and on the ground, she told Deputy Thibodaux six times that her leg was broken. But Deputy Thibodaux ordered her to place her hands behind her head, and when she did not, Ms. Rodrigue alleges that he tased her repeatedly. Deputy Thibodaux then handcuffed her and jammed his knee into her back.

A few months later, on May 5, 2012, Ms. Rodrigue sued Terrebonne Sheriff's Deputy Thibodaux, Terrebonne Parish Sheriff L. Vernon Bourgeois, the Sheriff Office's insurer, MAK Pictures and its insurer, ABC Insurance Company, for alleged civil rights

violations under § 1983 for violation of her Fourth and Fourteenth Amendment rights.  In particular, Ms. Rodrigue charges that:

- Deputy Thibodeaux and Sheriff Bourgeois violated 42 U.S.C. § 1983 by using excessive force and unlawfully arresting her in violation of the Fourth Amendment and, alternatively, charges that defendants were negligent in causing her injuries and her child's injuries;
- The inadequate training provided by Terrebonne Parish Sheriff's Office created a custom of allowing police officers to use excessive force and that Sheriff Bourgeois failed to adequately train and supervise the members of his department;
- Deputy Thibodaux and Sheriff Bourgeois, by charging her with resisting arrest, conspired to cover up their unlawful acts, depriving her of her constitutional rights;
- MAK Pictures negligently encouraged Deputy Thibodaux and Sheriff Bourgeois to violate her civil rights, and MAK's negligence was a proximate cause of her and her child's damages;
- Sheriff Bourgeois is directly liable for Thibodaux's acts under respondeat superior; and
- The insurance companies are responsible for her damages.

MAK Pictures now requests dismissal of the claim asserted against it for failure to state a claim.

I.

Rule 12(b)(6) allows a party to move for dismissal of a complaint when the plaintiff has failed to state a claim upon which relief can be granted.  Such a motion "'is viewed with disfavor and is rarely granted.'"  See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to

3

relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)) (internal quotation marks omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1940. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks, citations, and footnote omitted).

The United States Supreme Court suggests a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. Iqbal, 129 S. Ct. at 1950. First, the Court must identify pleadings that are conclusory and thus not entitled to the assumption of truth. Id. A corollary: legal conclusions "must be supported by factual allegations." Id. Second, for those pleadings that are more than merely conclusory, the Court assumes the veracity of those well-pleaded factual allegations and determines "whether they plausibly give rise to an entitlement to relief." Id.

This facial plausibility standard is met when the plaintiffs pleads facts that allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at

4

1949.  Claims that are merely conceivable will not survive a motion to dismiss; claims must be plausible.  <u>Twombley</u>, 550 U.S. at 570; <u>see</u> <u>also</u> <u>Iqbal</u>, 129 S.Ct. at 1949 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully").  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  <u>Iqbal</u>, 129 S.Ct. at 1949 (internal quotations omitted).  In the end, evaluating a motion to dismiss is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  <u>Id.</u> at 1950.

## II.
### A.

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date.  No memoranda in opposition to MAK Pictures, LLC's motion to dismiss, noticed for submission on November 7, 2012, has been timely submitted.

In fact, the defendant's motion was filed on October 9, 2012 and originally noticed for submission on October 24, 2012.  No timely opposition memorandum was submitted but, rather, the plaintiff requested an extension of time to respond to the defendant's motion; the Court granted the plaintiff's request, ordered that the plaintiff submit her opposition papers no later

than October 22, 2012, and continued the submission date on the motion until November 7, 2012.  See Order dated October 22, 2012.  The plaintiff submitted opposition papers that were marked 'DEFICIENT' by the Clerk of Court; she was permitted to remedy the deficiency by October 30.  On October 29, the plaintiff submitted another 'DEFICIENT' opposition memorandum.  She has not attempted to cure her latest attempt at opposing the defendant's motion to dismiss.  Not only is dismissal of the plaintiff's claims against MAK appropriate because its motion is unopposed, but the Court also finds that the motion has merit.

*B.*

MAK Pictures contends that there is no claim for negligent encouragement of a civil rights violation and, thus, the plaintiff's claim against it must be dismissed.  The Court agrees.

With respect to MAK Pictures, the plaintiff charges that:

> 12. At all times Thibodaux was accompanied by a film crew employed, contracted, or acting at the direction of MAK Pictures LLC....
>
> 19.  Defendant MAK Pictures, LLC, though its agents, continued filming throughout the entire incident thereby encouraging and abetting Thibodaux's brutality in an effort to obtain voyeuristic video of the assault which would pander to the perceived public demand for crass, tasteless and exploitive programming and thus yield profits to the production company.
>
> 26. Upon information and belief, defendant MAK Pictures, LLC has encouraged, advised and instructed, either tacitly or overtly, deputies of the Terrebonne Parish Sheriff's's office to engage in actions and behaviors which violate the Constitutional rights of the citizens of Terrebonne parish and the Plaintiff in particular, all

> for personal gain.
>
> 44. Defendant MAK Pictures, LLC. negligently encouraged, either tacitly or overtly, deputy sheriffs, including but not limited to Paul Thibodaux, and defendant Bourgeois to violate the civil rights of citizens such as plaintiff in order to obtain the sordid type of 'reality' TV footage they could market for profit.
>
> 45. Said negligence by defendant MAK Pictures, LLC. was a proximate cause of the injuries and damages sustained by Plaintiff Angela Rodrigue and her child.

These allegations sound only in negligence. The plaintiff suggests that MAK "negligently encouraged" Terrebonne Parish Sheriff Deputy Thibodaux by filming the incident with Ms. Rodrigue, suggesting that the mere presence of the MAK film crew encouraged Thibodaux to violate her civil rights. But allegations of mere negligence do not state a claim for a constitutional violation that is cognizable under 42 U.S.C. § 1983. See Shaw v. Figueroa, 211 F.3d 124 (5th Cir. 2000)(unpublished); see also Salas v. Carpenter, 980 F.2d 299, 306-07 (5th Cir. 1992).

To state a claim under § 1983 the plaintiff must allege that the person who deprived him of a federal right was acting under color of state law. Cinel v. Connick, 15 F.3d 1338, 1342 (5th Cir. 1994). "For a private citizen to be held liable under § 1983," the Fifth Circuit has observed, "the plaintiff must allege that the citizen conspired with or acted in concert with state actors." Priester v. Lowndes County, 354 F.3d 414, 420 (5th Cir. 2004)(citing Mylett v. Jeane, 879 F.2d 1272, 1275 (5th Cir. 1989)). In particular, for § 1983 liability to attach to a non-state actor,

the non-state actor must be a "willful participant in joint activity with the State or its agents." Id. (citing Cinel, 15 F.3d at 1343). Thus, the plaintiff must allege:

> (1) an agreement between the private and public defendants to commit an illegal act and
> (2) a deprivation of constitutional rights.
>
> Allegations that are merely conclusory, without reference to specific facts, will not suffice.

Id. (citation omitted); Tebo v. Tebo, 550 F.3d 492, 496 (5th Cir. 2008).

The facts alleged by the plaintiff here do not allow the Court to draw the reasonable inference that MAK Pictures is liable as a willful participant, with the Terrebonne Parish Sheriff's Office, in the unlawful arrest and excessive force allegedly perpetrated against Ms. Rodrigue. To the contrary, the facts as alleged in the complaint suggest only that the film crew continued filming while Deputy Thibodaux used excessive force against Ms. Rodrigue, and that its mere presence at the scene encouraged him use force "which would pander to the perceived public demand for crass, tasteless and exploitive programming and thus yield profits to the production company." Claims that are merely conceivable will not survive a motion to dismiss; claims must be plausible.

Accordingly, IT IS ORDERED: that the defendant's motion to dismiss is GRANTED; the plaintiff's claim against MAK Pictures is

hereby dismissed.[1]   IT IS FURTHER ORDERED: that the defendant's motion for leave to submit reply papers is DENIED as moot.

New Orleans, Louisiana, November 7, 2012

```
                    _____
                         MARTIN L. C. FELDMAN
                      UNITED STATES DISTRICT JUDGE
```

---

[1] The Court makes no ruling on the plaintiff's attempt to request permission to amend her complaint because no such request is properly before the Court.  The Court admonishes counsel for plaintiff that familiarity with the Federal and Local Rules is required to practice in this Court.